# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12663

_____

RENE GARCIA,
JAVIER FERNANDEZ,

                             Plaintiffs-Appellees-Cross Appellants,

MACK BERNARD,
WILLIAM PROCTOR,

                                      Plaintiffs-Appellees,

CRYSTAL WAGAR,

                                                Plaintiff,

*versus*

EXECUTIVE DIRECTOR, FLORIDA COMMISSION ON ETHICS,
In her official capacity,
JOHN GRANT,
Commissioner, Florida Commission on Ethics,

CHAIRMAN, FLORIDA COMMISSION ON ETHICS,
MICHELLE ANCHORS,
WILLIAM P. CERVONE,
Commissioners, Florida Commission on Ethics, et al.,

>                    Defendants-Appellants-Cross Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-24156-BB

————————————

Before JORDAN, JILL PRYOR and GRANT, Circuit Judges.

BY THE COURT:

      Defendants-Appellants-Cross-Appellees' motion to stay, in part, the district court's permanent injunction is GRANTED. The "constitutionally prescribed role" of the federal judiciary is "to vindicate the individual rights of the people appearing before it." *Gill v. Whitford*, 138 S. Ct. 1916, 1933 (2018). Injunctive relief should be no broader than "'necessary to protect the interests of the parties,'" *Georgia v. President of the United States*, 46 F.4th 1283, 1306 (11th Cir. 2022), and the district court found that only one Plaintiff had standing to challenge the state statute. Neither the district court nor the Plaintiffs-Appellees-Cross Appellants explain the need to enjoin the enforcement of article 2, section 8(f)(2) of the Florida Constitution

against every "public officer," as that term is defined in article 2, section 8(f)(1) of the Florida Constitution.

JORDAN, Circuit Judge, joined by JILL PRYOR, Circuit Judge, concurring:

As a general matter, "[i]njunctive relief should be limited in scope to the extent necessary to protect the interests of the parties." *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003). On the record before us, I agree that we should limit the district court's injunction to the parties before it pending appeal. But I do so with the following caveat.

Had the district court ruled that the Florida constitutional provision at issue failed under First Amendment overbreadth doctrine, I would have voted to deny the state's motion for a partial stay of the injunction for the reasons set out in *HM Florida-ORL, LLC v. Governor of Florida*, No. 23-12160, Order Denying Motion for Partial Stay (11th Cir. Oct. 11, 2023). That is because invalidation of a statute on overbreadth grounds prohibits enforcement altogether. Indeed, the rationale for overbreadth doctrine is to prevent an unconstitutional law from chilling the First Amendment rights of non-parties. *See, e.g.*, *Virginia v. Hicks*, 539 U.S. 113, 119 (2003) (a successful overbreadth challenge "suffices to invalidate *all* enforcement of th[e] law, 'until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression'") (citation omitted); *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3s 1290, 1303–04 (11th Cir. 2017) (upholding preliminary injunction prohibiting the enforcement of an ordinance altogether on First Amendment overbreadth grounds because enforcement of an overbroad law is

"totally forbidden" until it is judicially narrowed or partially invalidated, as the law's "very existence may cause others not before the court to refrain from constitutionally protected speech or expression").

The district court here, however, did not rely on First Amendment overbreadth doctrine. For example, it never addressed whether any overbreadth was substantial in relation to the provision's legitimate sweep. *See United States v. Stevens*, 559 U.S. 460, 473 (2010) (a statute is facially overbroad under the First Amendment if "'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep'") (citation omitted). As I read its order, the district court ruled that the provision violated the First Amendment because it was content-based, and under strict scrutiny was not narrowly tailored to achieve a compelling state interest. Because the district court did not base the permanent injunction at issue on First Amendment overbreadth, I concur in the granting of the partial stay. In closing, I note that the declaratory judgment, which is not stayed, "reflects the opinion of the [district] court that the [provision] cannot be fully enforced[.]" *Steffel v. Thompson*, 415 U.S. 452, 469-70 (1974) (internal quotation marks and citation omitted).