No. 23-12663

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

RENÉ GARCIA, ET AL.,

*Plaintiffs/Appellees/Cross-Appellants*,

vs.

EXECUTIVE DIRECTOR, FLORIDA COMMISSION ON ETHICS, ET AL.,

*Defendants/Appellants/Cross-Appellees.*

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 1:22-CV-24456-BB

## APPELLEES' MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY OR, IN THE ALTERNATIVE, MOTION FOR LIMITED REMAND FOR CLARIFICATION OF INJUNCTION ORDER

**Kendall Coffey, Esq.**
Florida Bar No. 259861
**Scott Hiaasen, Esq.**
Florida Bar No. 103318
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, PH1
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261
kcoffey@coffeyburlington.com
shiaasen@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com

**Ronald L. Book, Esq.**
Florida Bar No. 257915
**RONALD L. BOOK, P.A.**
4000 Hollywood Blvd., Suite 677-S
Hollywood, Florida 33021-6751
Telephone: (305) 935-1866
ron@rlbookpa.com

**Benedict P. Kuehne, Esq.**
Florida Bar No. 233293
**KUEHNE DAVIS LAW, P.A.**
Miami Tower, Suite 3105
100 S.E. 2nd Street
Miami, Florida 33131-2154
Telephone: (305) 789-5989
Facsimile: (305) 789-5987
ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com

**Robert H. Fernandez, Esq.**
Florida Bar No. 91080
**RHF LAW FIRM, LLC**
2600 S. Douglas Road, Suite 305
Coral Gables, Florida 33134
Telephone: (305) 501-5011
rfernandez@rhflawfirm.com

*Counsel for Plaintiffs-Appellees-Cross-Appellants*

# <u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellees hereby certify that the following individuals and entities have an interest in the outcome of this appeal:

Anchors, Michelle

Bell, Daniel William

Bernard, Mack

Bloom, Hon. Beth

Book, Ronald L.

Brodeen, Karen A.

Campaign Legal Center

Cervone, William P.

Coffey Burlington, PL

Coffey, Kendall

Ezray, Evan M.

Figgers, Freddie

Forrester, Nathan

Gaetz, Don

Garcia, René

Gilzean, Glenton "Glen" Jr.

Grant, John

Hiaasen, Scott

Fernández, Javier

Fernandez, Robert H.

Kuehne, Benedict P.

Kuehne Davis Law, P.A.

Leeper, Simone

Lukis, Ashley

Meggs, William "Willie" N.

Moody, Ashley

Moore, Ed H.

Morse, Stephanie

Newton, Wengay M. Sr.

Patel, Anita

Patronis, Jimmy

Preston, Alison E.

Proctor, William

Ronald L. Book, P.A.

RHF Law Firm, LLC

Sjostrom, Noah T.

Stillman, Kerrie J.

Teegen, Elizabeth

Wagar, Crystal

Waldman, Jim

Whitaker, Henry C.

## CORPORATE DISCLOSURE STATEMENT

Not applicable.

# **TABLE OF CONTENTS**

Page

CERTIFICATE OF INTERESTED PERSONS .................................................... C-1

CORPORATE DISCLOSURE STATEMENT .................................................... C-3

TABLE OF CONTENTS .................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

INTRODUCTION ............................................................................................. 1

THE PROCEDURAL HISTORY ....................................................................... 6

    Summary Judgment and the Permanent Injunction ............................. 8

    The District Court's Denial of a Partial Stay ...................................... 9

ARGUMENT ................................................................................................... 12

CERTIFICATE OF COMPLIANCE ............................................................... 16

CERTIFICATE OF SERVICE ........................................................................ 16

# <u>TABLE OF AUTHORITIES</u>

Page

**Cases**

*Broadrick v. Oklahoma*,
   413 U.S. 601 (1973)...................................................................9, 11

*FF Cosmetics FL, Inc. v. City of Miami Beach*,
   866 F.3d 1290 (11th Cir. 2017) .........................................................3, 8

*HM Florida-Orl, LLC v. Governor of Florida*,
   23-12160, 2023 WL 6785071 (11th Cir. Oct. 11, 2023) ...................... 3, 4, 10, 11

*Virginia v. Hicks*,
   539 U.S. 113 (2003)................................................................ 3, 7, 11

*Williams v. QuikTrip Corp.*,
   817 Fed. Appx. 743 (11th Cir. 2020)..................................................12

**Statutes**

42 U.S.C. § 1983 ............................................................................6

Article II, § 8(f)(2) of the Florida Constitution .......................................2

Fla. Stat. § 112.3122 ....................................................................2, 3

**Rules**

11th Cir. R. 12.1-1(a) & (b) ..................................................... 5, 6, 13, 14

Eleventh Circuit Rule 12.1-1 ............................................................1, 2

Eleventh Circuit Rule 18-2 ...............................................................1

Fed. R. App. P. 27.........................................................................16

Fed. R. App. P. 32.........................................................................16

Federal Rule of Appellate Procedure 12.1 ............................................1, 5

Federal Rule of Appellate Procedure 26.1 ..............................................1

Federal Rule of Civil Procedure 62.1 ...................................................13

Pursuant to Eleventh Circuit Rule 18-2, Federal Rule of Appellate Procedure 12.1, and Eleventh Circuit Rule 12.1-1, Plaintiffs-Appellees René Garcia, a Miami-Dade County Commissioner, and Javier Fernández, the Mayor of the City of South Miami (hereafter "Appellees") file this Motion for Reconsideration of this Court's Order granting Appellants' Motion to Stay the trial court's permanent injunction (DE 36), or, in the Alternative, Motion for a Stay of the Appeal and Limited Remand to the district court to clarify the bases and rationale of its permanent injunction order. In support of this Motion, Appellees state:

## **INTRODUCTION**

As will be discussed in detail below, two of the three judges of this Court that granted Appellants' motion for a stay of the permanent injunction specified that, had the court below held that the speech restrictions at issue in this case violated the First Amendment overbreadth doctrine, the stay requested by Appellants would have been *denied*. *See* DE 36 at 4-5. However, as the record plainly shows, U.S. District Judge Beth Bloom *did* make such a finding of unconstitutional overbreadth in the 40-page summary judgment and injunction order, and it was on this basis that Judge Bloom enjoined Appellants from enforcing Florida's constitutional amendment barring lobbying by all public officials. Indeed, the lower court's overbreadth findings were repeated and confirmed in its original order granting a preliminary injunction, and its post-judgment order denying Appellants' original motion for a stay of the

permanent injunction pending appeal. For these reasons, Appellees request that this court reconsider its order granting a stay of the permanent injunction based on a renewed review of the record, or, at a minimum, enter a stay of this appeal and a limited remand to the trial court to clarify the bases for the permanent injunction.

In the court below, Appellees successfully sought a permanent injunction against the Appellants/Defendants, all officials with the State of Florida, to prevent the enforcement of newly enacted and unconstitutional amendments to Florida's Constitution and statutes that violate the First Amendment. *See* Appellants' Appendix ("App."), DE 14-2, at 30-48. Specifically, Appellees challenged the amendments to Article II, § 8(f)(2) of the Florida Constitution, which prohibit all current "public officers" – including scores of unpaid or part-time local officers across the state, including Appellees – from any lobbying for compensation "on issues of policy, appropriations, or procurement before the federal government, the legislature, any state government body or agency, or any political subdivision of this state, during his or her term of office." *Id.* Violations of these unconstitutional lobbying restrictions (the "In-Office Lobbying Restrictions") may result in adverse career-impacting and reputational harm through the imposition of serious penalties including (1) public censure and reprimand; (2) a civil penalty of up to $10,000; and (3) forfeiture of any pecuniary benefits received for conduct violating the Amendment. Fla. Stat. § 112.3122(4). These penalties may be imposed by the

Governor, and both the Attorney General and the Chief Financial Officer are authorized to collect the financial penalties. Fla. Stat. § 112.3122(3) & (5).

Appellants appealed the trial court's Order granting judgment in favor of Appellees and entering a permanent injunction against enforcement of this facially unconstitutional law. Appellants moved for a stay of the permanent injunction before the trial court, and – after the original motion was denied – from this Court.

On November 30, 2023, this Court entered an order granting Appellants' Motion and staying the trial court's permanent injunction order while the appeal is pending. DE 36. In a concurring opinion (in which Judge Pryor joined), Judge Jordan stated that he would have ***denied*** the stay "[h]ad the district court ruled that the Florida constitutional provision failed under [the] First Amendment overbreadth doctrine." *Id.* at 4. "That is because invalidation of the statute on overbreadth grounds prohibits enforcement altogether. Indeed, the rationale of the overbreadth doctrine is to prevent an unconstitutional law from chilling the First Amendment rights of non-parties." *Id.* (citing *Virginia v. Hicks*, 539 U.S. 113, 119 (2003) and *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1303-04 (11th Cir. 2017)). Judge Jordan also referenced *HM Florida-Orl, LLC v. Governor of Florida*, 23-12160, 2023 WL 6785071, at *3 (11th Cir. Oct. 11, 2023), in which an Eleventh Circuit panel *denied* a stay of an injunction against any enforcement of a state law found to be overbroad and therefore facially unconstitutional, and stated that he

would have ruled consistent with the denial order in *HM Florida-ORL* had the district court found that the lobbying restrictions were overbroad under the First Amendment. *Id.* However, Judge Jordan mistakenly concluded that the district court did *not* rely on the overbreadth doctrine as a basis for granting summary judgment and enjoining Defendants, and for this reason he concurred in granting the stay of the permanent injunction. *Id.* at 5.

Respectfully, Judge Jordan (and Judge Pryor) misconstrued the district court's order in concluding that the district court did not find that Florida's lobbying restrictions were impermissible and unconstitutional under the First Amendment overbreadth doctrine. The record confirms that the trial court affirmatively ruled that the lobbying restrictions were unconstitutionally overbroad, and this finding was the basis of the trial court's permanent injunction prohibiting any enforcement of the lobbying restrictions. *See* App. at 178-79, 196, 209-10 ("Plaintiffs…have demonstrated 'from the text of the law' that the In-Office Restrictions are content-based, ***overbroad*** restrictions on speech") (emphasis added). Overbreadth was an essential issue litigated by the parties at summary judgment. *See* Plaintiffs' Motion for Summary Judgment, DE 82, at 6-10 ("**The Lobbying Restrictions Are Facially Overbroad and Unconstitutional**"); Defendants' Response to Plaintiffs' Motion for Summary Judgment, DE 94 at 2 ("**The In-Office Restriction Is Not Overbroad**"); Defendants' Summary Judgment Motion, DE 85 at 14, 20; Plaintiffs'

Response in Opposition to Defendants' Motion for Summary Judgment, DE 91 at 15-17.

On appeal, all parties recognized that the district court found overbreadth, and they argued the motion for stay on this basis. *See* DE 14-1; DE 17; DE 20. Moreover, Appellants' merits brief concedes that the district court found the lobbying restrictions unconstitutional under the First Amendment overbreadth doctrine. DE 27 at 12, 39-43. Accordingly, Appellees ask this Court to reconsider its order staying the permanent injunction, and to enter an order denying the stay, based on the district court's application of the overbreadth doctrine and consistent with the analysis contained in the concurrence authored by Judge Jordan and joined by Judge Pryor. DE 36 at 4-5.

In the alternative, if based on the existing record the Court remains uncertain whether the district court based its injunction order on the First Amendment overbreadth doctrine, Appellees request that the Court briefly stay this appeal to remand this matter to the district court pursuant to Fed. R. App. P. 12.1 and 11th Cir. R. 12.1-1(a) & (b). The application of the First Amendment overbreadth doctrine in this case is clearly a central issue as framed on appeal: Appellants directly challenged the scope of injunctive relief provided by the district court both in their merits brief and in moving to stay the permanent injunction, and Judges Jordan and Pryor stated that the application of the overbreadth doctrine is potentially dispositive of this issue.

*Id.* It would serve the interests of the parties, the Court and the ends of justice to eliminate any uncertainty or misinterpretation regarding the grounds on which the district court based its injunction order before this Court rules on an appeal of that order.

## THE PROCEDURAL HISTORY

From the beginning of this litigation, the overbreadth of Florida's In-Office Lobbying Restrictions in violation of the First Amendment has been a central issue – as the district court repeatedly recognized.

The Complaint asserted claims under 42 U.S.C. § 1983 alleging that the In-Office Lobbying Restrictions contained in the Florida Constitution were an impermissible and unconstitutional intrusion on Appellees' (and similarly situated public officials') core political speech in violation of the First Amendment. App. at 31-48. Appellees' Complaint specifically alleges that the In-Office Lobbying Restrictions are facially unconstitutional and violate the First Amendment overbreadth doctrine.[1] *Id.* at 41, 44-45.

---

[1] In denying Appellants' Motion to Dismiss the Complaint, the district court expressly recognized that Appellees stated a claim based on the First Amendment overbreadth doctrine. *See, e.g.,* App. at 154 ("The Court agrees with Plaintiffs that a facial overbreadth challenge is appropriate in these circumstances").

Appellees moved for entry of a preliminary injunction and specifically argued that the In-Office Lobbying Restrictions were unconstitutionally overbroad.  *Id.* at 64, 66.  The district court ultimately granted a preliminary injunction prohibiting *any* enforcement of the In-Office Lobbying Restrictions.  *Id.* at 95-117.  In discussing the "appropriate scope" of the preliminary injunction, the district court "concluded that the In-Office Restrictions are likely overbroad and facially unconstitutional," and for this reason enjoined any enforcement of the In-Office Lobbying Restrictions.  *Id.* at 116.

Appellants then moved for a stay pending appeal of the district court's preliminary injunction order,[2] arguing that the injunction improperly prohibits enforcement of the lobbying restrictions against non-parties.  In denying this motion, the district court expressly stated that the statewide scope of the injunction was appropriate because the court had found that Appellees were likely to succeed on their claim that the In-Office Lobbying Restrictions violated the First Amendment overbreadth doctrine, and "a statute found to be overbroad is totally forbidden until and unless a limiting construction or partial invalidation so narrows it as to remove

---

[2] This interlocutory appeal, No. 23-10872, was ultimately dismissed as moot after the district court entered its final order and this appeal was filed.

the seeming threat or deterrence to constitutionally protected expression." *Id.* at 166

(quoting *FF Cosmetics*, 866 F.3d at 1303).

## Summary Judgment and the Permanent Injunction

Appellees moved for summary judgment on their claims and sought entry of a permanent injunction against any enforcement of the In-Office Lobbying Restrictions because the restrictions were overbroad and facially unconstitutional. On August 9, 2023, the trial court entered a 40-page order granting summary judgment in favor of Appellee Garcia and ruled that Florida's In-Office Lobbying Restrictions violated the First Amendment. App. at 172-211.

In its Order, the district court specifically discussed the application of the overbreadth doctrine and its rationale. *See id.* at 178-79 ("**First Amendment Overbreadth Doctrine**"). In analyzing how the In-Office Restrictions regulate speech in practice, the district court specifically found that the restrictions are "extremely broad," as they prohibit any local official from lobbying before *any* government agency, even the federal government or faraway jurisdictions, without any credible showing that a prohibition on such lobbying was narrowly tailored to serve a compelling state interest. *Id.* at 195. As a result, the district court found "that the In-Office Restrictions simultaneously pose both overbreadth and underinclusiveness concerns." *Id.* at 196.

After finding that the In-Office Restrictions were unconstitutionally overbroad in violation of the First Amendment, the district court then addressed the appropriate scope of injunctive relief. The court expressly stated that it found the In-Office Lobbying Restrictions unconstitutionally overbroad, and for this reason it entered an injunction prohibiting *any* enforcement of the restrictions to protect the First Amendment rights of non-parties. *Id.* at 210 ("Plaintiffs…have demonstrated 'from the text of the law' that the In-Office Restrictions are content-based, ***overbroad*** restrictions on speech") (emphasis added). In doing so, the district court specifically cited *FF Cosmetics* – the same case cited by Judge Jordan in his discussion of the overbreadth doctrine, DE 36 at 4 – and *Broadrick v. Oklahoma*, 413 U.S. 601 (1973), the U.S. Supreme Court's touchstone case on the First Amendment overbreadth doctrine. *Id.*

**The District Court's Denial of a Partial Stay**

Appellants subsequently filed with the district court a motion for partial stay of the permanent injunction in an effort to limit the scope of the injunction only to Plaintiff Garcia, arguing that they should not be prevented from enforcing the facially unconstitutional In-Office Lobbying Restrictions in all other cases. App. at 216-24. In the motion, Appellants do not dispute that the district court found that the lobbying restrictions violated the First Amendment overbreadth doctrine; rather, Appellants argued that a finding of overbreadth on the merits does not support an

injunction against any enforcement of the unconstitutional law. *See, e.g., id.* at 220 ("[t]he Court continues to conflate the merits of an overbreadth challenge with the proper scope of injunctive relief"). Notably, this is precisely the argument that Judge Jordan and Judge Pryor *rejected* in their concurring opinion on the stay order. *See* DE 36 at 4 ("invalidation of a statute on overbreadth grounds prohibits enforcement altogether. Indeed, the rationale for overbreadth doctrine is to prevent an unconstitutional law from chilling the First Amendment rights of non-parties"). *See also HM Florida-Orl*, 2023 WL 6785071 at *3 ("a successful overbreadth challenge suffices to invalidate *all* enforcement of the law until and unless a limiting construction or partial invalidation so narrows it as to remove the threat or deterrence to constitutionally protected expression…The Supreme Court has provided this expansive remedy out of concern that the threat of enforcement of an overbroad law may deter or 'chill' constitutionally protected speech — specially when the overbroad statute imposes criminal sanctions") (internal citations omitted).

On August 25, 2023, the district court denied Appellants' motion for a stay of the injunction pending appeal. App. at 243-50. In this order, the district court unambiguously confirmed that the injunction was founded on overbreadth: "**The Court held that the In-Office Restrictions amount to content-based restriction on speech and the Court invalidated the In-Office Restrictions pursuant to the First Amendment doctrine. Accordingly, the Court granted Final Judgment in**

**favor of Plaintiff and permanently enjoined Defendants from enforcing the In-Office Restrictions."** *Id.* at 244 (emphasis added).

Significantly, the district court rejected Appellants' argument that a finding of overbreadth under the First Amendment should not result in an injunction prohibiting enforcement of the unconstitutional law. In doing so, the district court recognized that "enforcement of an overbroad statute is totally forbidden until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." *Id.* at 246-47 (citing *Broadrick*, 413 U.S. at 613). The court further stated that "a successful overbreadth challenge suffices to invalidate *all* enforcement of that law." *Id.* at 247 (citing *Hicks*, 539 U.S. at 118) (emphasis included). These statements of the law are *identical* to the legal principles cited by Judge Jordan in his opinion concurring on the granting of the stay, in which he stated he *would have* denied the stay motion just as the district court did *if* the district court's order were based on the overbreadth doctrine – which in fact it was. DE 36 at 4-5. Moreover, the district court relied on the same authority that a motions panel of this Court cited in denying a motion for a stay of an injunction just a few weeks later in *HM Florida-Orl*. *See HM Florida-Orl*, 2023 WL 6785071 at *3.

Thus, Judge Jordan (and Judge Pryor) *agreed* in all respects with the district court's analysis in its order denying the motion for stay. Yet they concurred in the

order granting the stay based on the conclusion that the district court did not find the In-Office Lobbying Restrictions violated the First Amendment overbreadth doctrine. However, the district court expressly stated in the injunction order that it did find that the In-Office Lobbying Restrictions were overbroad, *see, e.g.,* App. at 210, and confirmed this finding in its order denying Appellants' request for a stay of the injunction pending this appeal. *Id.* at 244-47.

## ARGUMENT

A party may seek reconsideration of a court order based on "manifest errors of law or fact." *Williams v. QuikTrip Corp.*, 817 Fed. Appx. 743, 747 (11th Cir. 2020). Respectfully, Appellees aver that the conclusion by a majority of the panel considering Appellants' motion for a partial stay of the permanent injunction that the district court did not find that the In-Office Lobbying Restrictions were unconstitutionally overbroad under the First Amendment is a manifest error of fact. In its injunction order, the district court expressly described the overbreadth doctrine and its application, made findings that the In-Office Lobbying Restrictions were overbroad, and ultimately stated that it was enjoining any enforcement of the lobbying restrictions based on its holding that they were unconstitutionally overbroad. App. at 178-79, 195-96, 210. Moreover, in denying Appellants' initial motion for a stay, the district court unambiguously confirmed that the permanent injunction was based on its finding that the In-Office Lobbying Restrictions violated

the First Amendment overbreadth doctrine. *Id.* at 244-47. Indeed, Appellants have never once disputed or argued that the district court did not base its injunction order on the overbreadth doctrine, including in their argument for a stay.

This record establishes without doubt that the district court's injunction order on appeal was based on a finding of First Amendment overbreadth, contrary to the misinterpretation by Judge Jordan (and Judge Pryor joining) in concurring in the order granting a stay of the permanent injunction. DE 36 at 4-5. Accordingly, Appellees respectfully request that this Court grant this motion for reconsideration and, based on the district court's finding of overbreadth, enter an order denying the stay consistent with the reasoning contained in the concurring opinion of Judges Jordan and Pryor and with the order denying the State of Florida's motion for stay of an injunction in *HM Florida-Orl*.

If, in reviewing this record, this Court concludes that there is some ambiguity or uncertainty regarding the bases of the district court's injunction order, Appellees alternatively request that this Court enter a brief stay of this appeal and remand this matter to the district court for the limited purpose of entering an order clarifying the grounds and rationale for its injunction order. Contemporaneous with this Motion, Appellees filed with the district court a separate motion requesting an "indicative ruling" pursuant to Federal Rule of Civil Procedure 62.1. *See* Exhibit A, attached. Pursuant to 11th Cir. R. 12.1-1(a) & (b), a party requesting an indicative ruling that

does not require substantive relief may seek a stay of an appeal and a limited remand to a trial court "to give the district court authority to rule on the motion, without waiting for the district court to signify its intentions on the motion." 11th Cir. R. 12.1-1(b).

The district court's finding of overbreadth under the First Amendment is central to this case, and critical to the issues raised by Appellants on appeal. *See* DE 27 at 12, 39-43. Any uncertainty about the grounds or the rationale of the injunction order on appeal should be resolved swiftly, and *before* this Court reaches the merits of the appeal. Moreover, this issue should be resolved to allow the Court to properly address Appellants' motion for a stay of the injunction, in which Florida officials essentially seek license to enforce a facially unconstitutional law while their appeal is pending.

For these reasons, Appellees respectfully request that this Court grant this motion for reconsideration and, based on the district court's overbreadth findings, deny Appellants' motion for a stay (DE 14) consistent with the concurring opinion of the majority of judges who considered this motion. *See* DE 36 at 4-5. In the alternative, Appellees request at a minimum that the Court stay this appeal and remand this matter to the district court for the limited purpose of receiving clarification from the trial court on the grounds and basis for its order granting the permanent injunction.

Dated: December 11, 2023.

Respectfully submitted,

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive
Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

By: */s/ Kendall Coffey*
    **Kendall Coffey, Esq.**
    Florida Bar No. 259861
    **Scott Hiaasen, Esq.**
    Florida Bar No. 103318
    kcoffey@coffeyburlington.com
    shiaasen@coffeyburlington.com
    lperez@coffeyburlington.com
    service@coffeyburlington.com

**KUEHNE DAVIS LAW, P.A.**
Miami Tower, Suite 3105
100 S.E. 2 Street
Miami, Florida 33131-2154
Telephone: (305) 789-5989
Facsimile: (305) 789-5987

By: */s/ Benedict P. Kuehne*
    **Benedict P. Kuehne, Esq.**
    Florida Bar No. 233293
    ben.kuehne@kuehnelaw.com
    efiling@kuehnelaw.com

**RONALD L. BOOK, P.A.**
4000 Hollywood Blvd., Suite 677-S
Hollywood, Florida 33021-6751
Telephone: (305) 935-1866

By: */s/ Ron Book*
    **Ronald L. Book, Esq.**
    Florida Bar No. 257915
    ron@rlbookpa.com

**RHF LAW FIRM, LLC**
2600 S. Douglas Road, Suite 305
Coral Gables, Florida 33134
Telephone: (305) 501-5011

By: */s/ Robert Fernandez*
    **Robert H. Fernandez, Esq.**
    Florida Bar No. 91080
    rfernandez@rhflawfirm.com

*Counsel for Plaintiffs-Appellees-Cross-Appellants*

## **CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,221 words.  I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

By: *  /s/ Kendall Coffey*
Kendall Coffey

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 11, 2023, on all counsel or parties of record on the below/attached Service List.

By: *  /s/ Kendall Coffey*
Kendall Coffey

| **<u>SERVICE LIST</u>** |
|---|
| **Henry Whitaker, Esq.**<br>Solicitor General<br>Henry.Whitaker@myfloridalegal.com<br>**Daniel Bell, Esq.**<br>Chief Deputy Solicitor General<br>Daniel.Bell@myfloridalegal.com<br>**Evan Ezray, Esq.**<br>Deputy Solicitor General<br>Evan.Ezray@myfloridalegal.com<br>**Nathan A. Forrester, Esq.**<br>Senior Deputy Solicitor General<br>Nathan.Forrester@myfloridalegal.com<br>**Alison E. Preson, Esq.**<br>Assistant Solicitor General<br>alison.preston@myfloridalegal.com<br>jenna.hodges@myfloridalegal.com<br>Telephone: (850) 414-3300 / (850) 414-3681<br>Facsimile:  (850) 414-2672<br>**ASHLEY MOODY ATTORNEY GENERAL**<br>Office of the Attorney General<br>General Civil Litigation Division<br>Complex Litigation<br>PL-01 The Capitol<br>Tallahassee, Florida 322399<br><br>*Counsel for Defendants-Appellants-Cross-Appellees* |

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-24156-BLOOM/Otazo-Reyes

RENÉ   GARCIA   and   JAVIER
FERNÁNDEZ,

      *Plaintiffs*,

vs.

KERRIE J. STILLMAN, EXECUTIVE
DIRECTOR, FLORIDA COMMISSION ON
ETHICS, in her official capacity; *et al.*,

      *Defendants*.

## PLAINTIFFS' MOTION FOR INDICATIVE RULING REGARDING THE FINAL SUMMARY JUDGMENT ORDER

Pursuant to Rule 62.1 of the Federal Rules of Civil Procedure and Rule 12.1 of the Federal Rules of Appellate Procedure, Plaintiffs René Garcia and Javier Fernández (collectively, the "Plaintiffs"), move this Court for entry of an indicative order providing further clarification of the scope and basis of its order granting summary judgment and entering a permanent injunction (DE 110) if the Eleventh Circuit were to remand this matter back to this Court for this limited purpose. In support of their Motion, Plaintiffs state:

## BACKGROUND

On August 9, 2023, this Court entered a 40-page order granting summary judgment in favor of Plaintiff René Garcia on his claim that Fla. Const., Art. II, § 8(f)(2), prohibiting lobbying by any Florida public officials while in office (the "In-Office Restrictions"), was an impermissible restriction on political speech and unconstitutional under the First Amendment, and entered a permanent injunction enjoining the Defendants from enforcing this subsection of the Florida Constitution. DE 110. The Defendants appealed the Order granting summary judgment and

entering the permanent injunction, *see* DE 112, and requested a partial stay of this Court's injunction while the appeal is pending.[1]  *See* Exhibit A, attached.

On November 30, 2023, the United States Court of Appeals for the Eleventh Circuit entered an order granting the stay of this Court's permanent injunction order while the appeal is pending. *See* Exhibit B, attached.  In a concurring opinion (in which Judge Pryor joined), Judge Jordan stated that he would have ***denied*** the stay "[h]ad the district court ruled that the Florida constitutional provision failed under [the] First Amendment overbreadth doctrine." *Id.* at 4. "That is because invalidation of the statute on overbreadth grounds prohibits enforcement altogether. Indeed, the rationale of the overbreadth doctrine is to prevent an unconstitutional law from chilling the First Amendment rights of non-parties." *Id.*  However, Judge Jordan mistakenly concluded that this Court did *not* rely on the overbreadth doctrine as a basis for granting summary judgment and enjoining Defendants, and for this reason he concurred in granting the stay of the injunction.  *Id.* at 5.

Judge Jordan's concurrence (and Judge Pryor's joinder) suggests that there is, at the very least, some uncertainty at the Eleventh Circuit regarding the rationale and basis of this Court's summary judgment Order and permanent injunction.  Plaintiffs, for instance, understood that this Court *did* in fact find that Florida's lobbying restrictions failed under the First Amendment overbreadth doctrine, and it was for this very reason that this Court enjoined the Defendants from *any* enforcement of the offending lobbying restrictions.  *See* DE 110 at 7-8 (discussing First Amendment overbreadth doctrine); *see also id.* at 25, 39.  Indeed, this Court expressly stated in its

---

[1] In its summary judgment order, this Court found that Mayor Fernández lacked standing to assert his claims because his past and anticipated lobbying work appeared to fall within an exception to the In-Office Lobbying Restrictions contained in the enabling statute passed by the Legislature. DE 110 at 10-12.  Mayor Fernández filed a cross-appeal on this issue.

Order that it "finds that the In-Office Restrictions simultaneously pose both overbreadth and underinclusiveness concerns," *id.* at 25, and, in discussing the "appropriate scope" of the injunction, expressly held that Plaintiffs "demonstrated 'from the text of the law' that the In-Office Restrictions are content-based, ***overbroad*** restrictions on speech." *Id.* at 39 (emphasis added). Indeed, this Court recognized in its Order that a "statute found to be overbroad is totally forbidden until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression," and cited *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1300 (11th Cir. 2017), a case that Judge Jordan also cited in discussing the overbreadth doctrine in his concurrence. Ex. B at 4-5. And this Court expressly agreed with and adopted Plaintiffs' contention that there was a "*realistic danger* that the [In-Office Restrictions] will significantly compromise recognized First Amendment protections of parties not before the Court" – which is the rationale behind the overbreadth doctrine, as Judge Jordan himself noted in his concurrence.[2] *See* DE 110 at 39 (emphasis included); Ex. B at 4.

Moreover, in denying Defendants' Motion for a Stay of the Permanent Injunction, this Court stated in no uncertain terms that it found the In-Office Lobbying Restrictions to be unconstitutionally overbroad, and confirmed that this was the basis for its permanent injunction. *See* DE 118.

Significantly, Defendants recognized and understood that this Court had in fact found that the In-Office Lobbying Restrictions violated the First Amendment overbreadth doctrine. In

---

[2] It also bears noting that, in granting preliminary injunctive relief, this Court found that these Plaintiffs had standing to challenge the In-Office Lobbying Restrictions on First Amendment overbreadth grounds, and concluded that these restrictions are "likely overbroad and facially unconstitutional." DE 52 at 22. *See also* DE 77 (denying Defendants' motion for partial stay of the preliminary injunction because the In-Office Lobbying Restrictions are likely unconstitutionally overbroad).

moving this Court to stay the permanent injunction, Defendants argued that the Court "continues to conflate the merits of an overbreadth challenge with the proper scope of injunctive relief." DE 113 at 5.  That is, Defendants have *not* argued that this Court did not find the In-Office Lobbying Restrictions violated the First Amendment overbreadth doctrine; rather, they argue that a permanent injunction against any enforcement of an unconstitutionally overbroad statute is improper relief (a position flatly *rejected* by Judge Jordan and Judge Pryor in their concurrence). *See* Ex. B at 4. Defendants made the same arguments before the Eleventh Circuit in moving for a partial stay of the injunction from that court.  *See* Ex. A at 5, 8-11.  Defendants have never argued before this Court or before the Eleventh Circuit that the injunction Order was *not* based on the overbreadth doctrine.

Nevertheless, in light of Judge Jordan's concurrence with the Eleventh Circuit's order staying the injunction, and the Eleventh Circuit's apparent uncertainty regarding the bases for this Court's injunction order, Plaintiffs request that the Court provide an "indicative ruling" pursuant to Fed. R. Civ. P. 62.1 and Fed. R. App. P. 12.1 stating that it would grant Plaintiffs' motion for clarification and confirm the grounds for its summary judgment order and permanent injunction to help resolve any ambiguity in the record and guide the Eleventh Circuit (and the parties) so that they may properly identify and address the issues necessary to be addressed on appeal.[3]

---

[3] Contemporaneous with this Motion, Plaintiffs filed with the Eleventh Circuit a Motion for Reconsideration in which they move in the alternative for a stay and limited remand to give this Court authority to rule on Plaintiff's motion for clarification pursuant to Fed. R. App. P. 12.1 and 11th Cir. R. 12.1-1(b).

**ARGUMENT**

Under Fed. R. Civ. P. 62.1, a party may seek an "indicative ruling" from a district court on a motion for relief "that the court lacks authority to grant because of an appeal that has been docketed and is pending."  Upon such a request, a district court may provide an indicative ruling stating "either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3).  If the district court indicates that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand to the district court for further proceedings.  Fed. R. App. P. 12.1(b).  If the district court concludes that the motion should be granted, then it "should enter an order stating that it intends to grant the motion if this court returns jurisdiction to it." 11th Cir. R. 12.1-1(c)(2).

Because this Court's summary judgment and permanent injunction order are pending before the Eleventh Circuit, this Court lacks jurisdiction to address this order, and therefore an indicative ruling under Rule 62.1 is appropriate.  *See, e.g., In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2023 WL 2325536, at *4 (S.D. Fla. Mar. 2, 2023).  Courts of this district and elsewhere have issued indicative rulings under Rule 62.1 to clarify orders or issues while an appeal is pending.  *See, e.g., In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 2022 WL 612723, at *2 (S.D. Fla. Jan. 26, 2022); *Ward v. Thompson*, 2022 WL 16709464, at *2 (D. Az. Nov. 4, 2022); *U.S. v. Bond*, 2013 WL 5901951, at *3-4 (E.D.N.Y. Oct. 31, 2013); *Price v. Director*, 2016 WL 254976, at *1-2 (S.D. Ohio Jan. 20, 2016); *Sierra Pac. Power Co. v. Hartford Steam Boiler Inspection & Ins. Co.*, 2011 WL 586417, at *3 (D. Nev. Feb. 8, 2011).  Accordingly, Plaintiffs ask this Court to enter an order indicating that it would grant Plaintiffs' motion for clarification and enter an order clarifying that it found the In-Office Lobbying Restrictions contained in the Florida Constitution violated the First Amendment overbreadth

doctrine, and that this was the basis for the Court's entry of a permanent injunction against any enforcement of the In-Office Lobbying Restrictions.[4]

The necessity for such a clarifying order is apparent.  Though the summary judgment order unambiguously states that the Court found the In-Office Lobbying Restrictions were unconstitutionally overbroad, DE 110 at 39, and the Court reiterated its conclusion that the In-Office Lobbying Restrictions violated the First Amendment overbreadth doctrine in denying Defendants' motion for a stay pending the appeal, DE 118, Judges Jordan and Pryor apparently misconstrued the order as this Court not finding the In-Office Lobbying Restrictions unconstitutionally overbroad or relying on the overbreadth doctrine as a basis for entering the permanent injunction.  Ex. B at 4-5.  Naturally, it would be in the interest of all parties to ensure that the Eleventh Circuit has a correct understanding of the permanent injunction order on appeal, as this will necessarily impact the parties' arguments before the appellate court, in addition to the issue of whether the injunction order should be stayed pending appeal.  As discussed above, both Plaintiffs and Defendants have understood that the Court did in fact find that the In-Office Lobbying Restrictions were unconstitutional under the First Amendment overbreadth doctrine. Defendants framed their arguments on appeal, including their argument that the scope of injunctive relief contained in this Court's order was impermissibly broad, based on their understanding that this Court found the In-Office Lobbying Restrictions are unconstitutionally overbroad, and Plaintiffs have done the same.  Any confusion or uncertainty that the Eleventh Circuit may have regarding the scope or basis of the summary judgment and permanent injunction order pending on

---

[4] Plaintiff's Motion for Clarification should be treated as being incorporated within this Motion for an Indicative Ruling.  *See In re Zantac*, 2023 WL 2325536 at *4 ("courts frequently construe a motion for an indicative ruling as an underlying motion").

appeal should be resolved as quickly as possible, as this necessarily impacts both Defendants' request for a stay pending appeal and ultimately the appeal on the merits.

**CONCLUSION**

At least two judges on the Eleventh Circuit expressed their misunderstanding that this Court did not rely on the First Amendment overbreadth doctrine in entering a permanent injunction against any enforcement of the In-Office Lobbying Restrictions contained in Fla. Const., Art. II, § 8(f)(2). The conclusion of the Eleventh Circuit judges is at odds with the orders of this Court, which has stated more than once that it found the In-Office Lobbying Restrictions unconstitutional on First Amendment overbreadth grounds. *See* DE 110; DE 118.  Because of this apparent confusion over an issue that is fundamental and critical to the final order now on appeal, clarification of this issue for the benefit of the Eleventh Circuit and the Parties is imperative.

For these reasons, Plaintiffs respectfully request that this Court (1) enter an indicative ruling indicating that it would grant Plaintiffs' Motion for Clarification if the Eleventh Circuit were to grant a limited remand to this Court and (2) enter an order clarifying the basis of its order granting summary judgment and entering a permanent injunction against enforcement of Fla. Const., Art. II, § 8(f)(2).

**CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 7.1**

Counsel for the movant hereby certifies that he has conferred with counsel for Defendants, including via email on December 8-9, 2023, in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.

Dated: December 11, 2023.

Respectfully submitted,

**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive
Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261

By:___*/s/ Kendall Coffey*_____
   **Kendall Coffey, Esq.**
   Florida Bar No. 259861
   **Scott Hiaasen, Esq.**
   Florida Bar No. 103318
   kcoffey@coffeyburlington.com
   shiaasen@coffeyburlington.com
   lperez@coffeyburlington.com
   service@coffeyburlington.com

**KUEHNE DAVIS LAW, P.A.**
Miami Tower, Suite 3105
100 S.E. 2 Street
Miami, Florida 33131-2154
Telephone: (305) 789-5989
Facsimile:  (305) 789-5987

By:___*/s/ Benedict P. Kuehne*_____
   **Benedict P. Kuehne, Esq.**
   Florida Bar No. 233293
   ben.kuehne@kuehnelaw.com
   efiling@kuehnelaw.com

**RONALD L. BOOK, P.A.**
4000 Hollywood Blvd., Suite 677-S
Hollywood, Florida 33021-6751
Telephone: (305) 935-1866

By:___*/s/ Ron Book*_____
   **Ronald L. Book, Esq.**
   Florida Bar No. 257915
   ron@rlbookpa.com

**RHF LAW FIRM, LLC**
2600 S. Douglas Road, Suite 305
Coral Gables, Florida 33134
Telephone: (305) 501-5011

By:___*/s/ Robert Fernandez*_____
   **Robert H. Fernandez, Esq.**
   Florida Bar No. 91080
   rfernandez@rhflawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 11, 2023, on all counsel or parties of record on the Service List below.

*/s/ Scott A. Hiaasen*
Scott A. Hiaasen

| SERVICE LIST |
| --- |
| ***Garcia, et al. v. Stillman, et al.*** |
| **Case No. 22-cv-24156-BLOOM/Otazo-Reyes** |

**Noah T. Sjostrom, Esq.**
Assistant Attorney General
Noah.Sjostrom@myfloridalegal.com
ComplexLitigation.eservice@myfloridalegal.com
Telephone: (850) 414-3635
**Alison E. Preston, Esq.**
Assistant Solicitor General
alison.preston@myfloridalegal.com
jenna.hodges@myfloridalegal.com
Telephone: (850) 414-3300
**Anita Patel, Esq.**
Assistant Bureau Chief
Anita.Patel@myfloridalegal.com
Telephone: (850) 414-3694
**ASHLEY MOODY ATTORNEY GENERAL**
Office of the Attorney General
General Civil Litigation Division
Complex Litigation
PL-01 The Capitol
Tallahassee, Florida 322399

*Counsel for Defendants*

# EXHIBIT
# A

No. 23-12663

# In the United States Court of Appeals for the Eleventh Circuit

RENÉ GARCIA, ET AL.,

*Plaintiffs–Appellees,*

v.

EXECUTIVE DIRECTOR, FLORIDA COMMISSION ON ETHICS, ET AL.,

*Defendants–Appellants.*

## MOTION FOR STAY PENDING APPEAL

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:22-CV-24156-BB

ASHLEY MOODY
*Attorney General*

Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
(850) 414-2672 (fax)
*henry.whitaker@myfloridalegal.com*

HENRY WHITAKER
  *Solicitor General*
DANIEL BELL
  *Chief Deputy Solicitor General*
ALISON E. PRESTON
  *Assistant Solicitor General*

*Counsel for Defendants-Appellants*

*Garcia v. Executive Director, Florida Commission on Ethics*
*Eleventh Circuit Case No. 23-12663*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>
## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

Counsel for Appellants certifies that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1–26.3 and 27-1(a)(9):

1.      Anchors, Michelle, in her official capacity as Commissioner on the Florida Commission on Ethics, *Defendant-Appellant*

2.      Bell, Daniel, *Attorney for Appellants*

3.      Bernard, Mack, *Plaintiff-Appellee*

4.      Bloom, Beth, *U.S. District Court Judge for the Southern District of Florida*

5.      Book, Ronald, *Attorney for Plaintiffs*

6.      Brodeen, Karen Ann, *Attorney for Defendants (withdrew 05/01/2023)*

7.      Campaign Legal Center, *Amicus Curiae in Support of Defendants*

8.      Cervone, William P., in his official capacity as Commissioner on the Florida Commission on Ethics, *Defendant-Appellant*

9.      Coffey Burlington, PL

10.     Coffey, Kendall, *Attorney for Plaintiffs*

11.     Ezray, Evan, *Attorney for Appellants (withdrew 05/05/2023)*

12.     Fernández, Javier, *Plaintiff-Appellee*

13.     Fernandez, Robert Henry, *Attorney for Plaintiffs*

14.     Figgers, Freddie, in his official capacity as Commissioner on the Florida

*Garcia v. Executive Director, Florida Commission on Ethics*
*Eleventh Circuit Case No. 23-12663*

Commission on Ethics, *Defendant-Appellant* (*see* Fed. R. App. P. 43(c)(2))

15.    Florida Commission on Ethics

16.    Florida Office of the Attorney General

17.    Forrester, Nathan, *Attorney for Appellants*

18.    Gaetz, Don, in his official capacity as Vice Chairman of the Florida Commission on Ethics, *Defendant-Appellant*

19.    Garcia, René, *Plaintiff-Appellee*

20.    Grant, John, in his official capacity as Commissioner on the Florida Commission on Ethics (term expired June 2023), *former Defendant-Appellant*

21.    Gilzean, Jr., Glenton ("Glen"), in his official capacity as Chairman of the Florida Commission on Ethics (resigned 08/22/2023), *former Defendant-Appellant*

22.    Hiaasen, Scott, *Attorney for Plaintiffs*

23.    Kuehne, Benedict, *Attorney for Plaintiffs*

24.    Kuehne Davis Law, P.A.

25.    Leeper, Simone, *Attorney for Amicus Curiae CLC in Support of Defendants*

26.    Lukis, Ashley, in her official capacity as Commissioner on the Florida Commission on Ethics, *Defendant-Appellant* (*see* Fed. R. App. P. 43(c)(2))

27.    Meggs, William N., in his official capacity as Commissioner on the Florida Commission on Ethics (term expired June 2023), *former Defendant-Appellant*

28.    Moody, Ashley, in her official capacity as Attorney General for the State of Florida, *Defendant-Appellant*

*Garcia v. Executive Director, Florida Commission on Ethics*
*Eleventh Circuit Case No. 23-12663*

29.     Moore, Ed H., in his official capacity as Commissioner on the Florida

Commission on Ethics, *Defendant-Appellant*

30.     Morse, Stephanie, *Attorney for Defendants*

31.     Newton, Sr., Wengay M., in his official capacity as Commissioner on the

Florida Commission on Ethics, *Defendant-Appellant*

32.     Patel, Anita, *Attorney for Defendants*

33.     Patronis, Jimmy, in his official capacity as Chief Financial Officer of the

State of Florida, *Defendant-Appellant*

34.     Preston, Alison E., *Attorney for Defendants-Appellants*

35.     Proctor, William, *Plaintiff-Appellee*

36.     Ronald L. Book, P.A.

37.     RHF Law Firm, LLC

38.     Sjostrom, Noah, *Attorney for Defendants*

39.     Stillman, Kerrie J., in her official capacity as Executive Director of the

Florida Commission on Ethics *Defendant-Appellant*

40.     Teegen, Elizabeth, *Attorney for Defendants*

41.     Wagar, Crystal, *Plaintiff (terminated 02/14/2023)*

42.     Waldman, Jim, in his official capacity as Commissioner on the Florida

Commission on Ethics, *Defendant-Appellant*

43.     Whitaker, Henry, *Attorney for Appellants*

*Garcia v. Executive Director, Florida Commission on Ethics*
*Eleventh Circuit Case No. 23-12663*

## CORPORATE DISCLOSURE STATEMENT

Not applicable.

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...........................................................................................ii

INTRODUCTION ................................................................................................... 1

BACKGROUND ................................................................................................... 2

ARGUMENT ......................................................................................................... 6

    A.    Defendants are likely to succeed in narrowing the scope of the
           permanent injunction. ........................................................................ 6

    B.    The remaining stay factors favor Defendants. ............................................ 12

CONCLUSION ...................................................................................................... 14

CERTIFICATE OF COMPLIANCE ........................................................................ 16

CERTIFICATE OF SERVICE ................................................................................ 17

i

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Broadrick v. Oklahoma,*
    413 U.S. 601 (1973) ..................................................................3, 5, 9, 11

*Califano v. Yamasaki,*
    442 U.S. 682 (1979) ........................................................................ 10, 11

*CAMP Legal Def. Fund, Inc. v. City of Atlanta,*
    451 F.3d 1257 (11th Cir. 2006) .............................................................. 10

*Dep't of Homeland Sec. v. New York,*
    140 S. Ct. 599 (2020) ............................................................................ 14

*Dombrowski v. Pfister,*
    380 U.S. 479 (1965) .............................................................................. 10

*Doran v. Salem Inn, Inc.,*
    422 U.S. 922 (1975) .............................................................................. 11

*FF Cosms. FL, Inc. v. City of Miami Beach,*
    866 F.3d 1290 (11th Cir. 2017) .......................................................3, 5, 9

*Georgia v. President of the U.S.,*
    46 F.4th 1283 (11th Cir. 2022) ........................................................passim

*Gill v. Whitford,*
    138 S. Ct. 1916 (2018) ...................................................................... 3, 11

*Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.,*
    527 U.S. 308 (1999) .............................................................................. 11

*Hand v. Scott,*
    888 F.3d 1206 (11th Cir. 2018) ............................................................... 6

*Jacobson v. Fla. Sec'y of State,*
    974 F.3d 1236 (11th Cir. 2020) ............................................................... 8

*KH Outdoor, LLC v. City of Trussville,*
    458 F.3d 1261 (11th Cir. 2006) ........................................................ 13, 14

*Lewis v. Casey,*
    518 U.S. 343 (1996)........................................................................... 11

*Maryland v. King,*
    567 U.S. 1301 (2012) ........................................................................ 12

*Massachusetts v. Oakes,*
    491 U.S. 576 (1989)........................................................................... 10

*New York v. Ferber,*
    458 U.S. 747 (1982)............................................................................. 9

*Swain v. Junior,*
    958 F.3d 1081 (11th Cir. 2020)........................................................ 13

*U.S. Dep't of Def. v. Meinhold,*
    510 U.S. 939 (1993)........................................................................... 12

*United States v. Hansen,*
    143 S. Ct. 1932 (2023) ................................................................... 9, 10

*Virginia v. Hicks,*
    539 U.S. 113 (2003).......................................................................9, 10

*Warth v. Seldin,*
    422 U.S. 490 (1975)........................................................................... 11

## Constitutions & Statutes

Fla. Const. art. II, § 8 ...........................................................................1, 2

Fla. Stat. § 112.3121.................................................................................. 2

Fla. Stat. § 112.3122.................................................................................. 2

U.S. Const. art. III, § 2........................................................................... 11

## Rules

Fed. R. App. P. 8 ...................................................................................5, 6

**Other Authorities**

Corrected Initial Brief of Defendant-Appellant City of Miami Beach,
   *FF Cosms. FL, Inc. v. City of Miami Beach*,
   866 F.3d 1290 (11th Cir. 2017) (Nos. 15-14394 & 15-15256).....................................10

Richard H. Fallon, Jr., *Making Sense of Overbreadth*, 100 Yale L.J. 853 (1991).............8, 13

Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933 (2018)................8

## **INTRODUCTION**

This case is a First Amendment challenge to Article II, Section 8(f)(2) of the Florida Constitution and its implementing legislation, which are designed to prevent Florida "public officers" from monetizing their offices through serving as paid lobbyists during their time in public service. The district court entered a universal permanent injunction precluding the State Defendants from enforcing the in-office, paid-lobbying restriction against any public officer in the State. DE110 at 39.[1] The court did so even though it concluded that only one public officer had standing to sue.

The State disagrees with that ruling and has appealed it. The State does not, however, seek a stay pending appeal of the injunction in its entirety. Instead, the State requests a stay only of the district court's decision to grant injunctive relief barring enforcement against public officers other than Garcia, the only party with standing.

If this sounds familiar, it is because the State brought this exact issue, in this very case, to this Court already. A unanimous motions panel (Judges Jill Pryor, Grant, and Luck) granted a stay pending appeal narrowing the universal preliminary injunction to cover only the then-two public officers with standing. *See* Order of the Court at 2–3, *Garcia v. Exec. Dir., Fla. Comm'n on Ethics*, No. 23-10872 (11th Cir. June 5, 2023), DE33. That order did not deter the district court from issuing a second universal injunction,

---

[1] Unless otherwise indicated, docket entry citations in this motion refer to the record in the district court.

this one permanent, on the stated ground that the motions panel must not have understood the district court's reasons for granting universal relief.

The Court should again narrow the injunction pending appeal, for the same reason as before: standing, not the need to protect third parties, sets the scope of injunctive relief. *See id.* The Court should again explain in no uncertain terms that overbreadth, a merits holding, does not set the scope of courts' equitable power. Instead, Article III, history, and "traditional remedial principles" provide the limits. *Georgia v. President of the U.S.*, 46 F.4th 1283, 1303–04 (11th Cir. 2022). Because the permanent injunction exceeds those limits and grants relief to persons who have not established standing, a partial stay is warranted.

## BACKGROUND

**In-Office, Paid-Lobbying Restriction.** Florida restricts paid lobbying by "public officer[s]" when they are in, and after they leave, office. Fla. Const. art. II, § 8(f)(2), (3); Fla. Stat. §§ 112.3121–.3122. Only the in-office restriction is at issue. *See* DE65 at 14 (no plaintiff established standing to challenge the out-of-office restriction). While in office, "[a] public officer shall not lobby for compensation on issues of policy, appropriations, or procurement" before the federal and Florida governments. Fla. Const. art. II, § 8(f)(2); Fla. Stat. § 112.3121 (providing reticulated definitions for terms such as "lobby for compensation").

**Universal Preliminary Injunction.** In 2022, five public officeholders, René Garcia, Javier Fernández, Mack Bernard, William Proctor, and Crystal Wagar, sued Defendants in the Southern District of Florida, challenging both restrictions as overbroad and facially unconstitutional under the First and Fourteenth Amendments and seeking declaratory and permanent injunctive relief. DE1. They also moved to preliminarily enjoin Defendants from enforcing the restrictions "against plaintiffs and others similarly situated." DE19 at 2. Defendants opposed injunctive relief, *see* DE35 at 4–19, and argued in the alternative for an injunction tailored to any established injuries-in-fact, *id.* at 19 (citing *Gill v. Whitford*, 138 S. Ct. 1916, 1931 (2018); *Georgia v. President of the U.S.*, 46 F.4th 1283, 1306 (11th Cir. 2022)).

The district court granted in part and denied in part preliminary injunctive relief. DE52. The court held that only Garcia and Fernández had standing because they reasonably feared enforcement; Bernard and Proctor did not. *Id.* at 7–11.[2] Yet it preliminarily enjoined enforcement of the in-office, paid-lobbying restriction against *all* public officers, citing its merits holdings and the restriction's chilling effect. DE52 at 22–23 (quoting *FF Cosms. FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1300 (11th Cir. 2017) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973))).

---

[2] Wagar resigned before the challenged laws took effect and was dropped as a plaintiff. DE65 at 1 n.1.

**Proceedings to Stay in Part the Preliminary Injunction.** Defendants sought a stay pending appeal of the preliminary injunction to the extent it granted relief to public officers other than the two who had standing. After full briefing before the district court, *see* DE57 (district court stay motion); DE60 (plaintiffs' opposition); DE61 (reply waiver), Defendants moved for a stay in this Court, *see* Motion for Stay Pending Appeal at 1–2, *Garcia v. Exec. Dir., Fla. Comm'n on Ethics*, No. 23-10872 (11th Cir. Apr. 7, 2023), DE14. A motions panel denied Defendants' stay motion without prejudice to allow the district court to consider a partial stay of its injunction in the first instance. Order of the Court at 2–3, *Garcia v. Exec. Dir., Fla. Comm'n on Ethics*, No. 23-10872 (11th Cir. May 10, 2023), DE30-2. The district court then denied the stay, maintaining that "an exception exists" to the principle that injunctive relief should be limited to the parties in cases involving "the chilling effect of overbroad statutes." DE77 at 3 (citation omitted). It also tried to distinguish *Georgia* on the basis that it did "not involve the First Amendment overbreadth doctrine." *Id.* at 4.

Defendants renewed their partial stay motion in this Court, and a unanimous motions panel (Judges Jill Pryor, Grant, and Luck) granted it. Order of the Court at 2–3, *Garcia v. Exec. Dir., Fla. Comm'n on Ethics*, No. 23-10872 (11th Cir. June 5, 2023), DE33. The panel's reasoning was clear and concise: standing informs the scope of injunctive relief, *see id.* at 2–3 (identifying who had standing and limiting relief to them), and "the need to protect third parties" does not "warrant[]" extending relief "to every 'public officer,'" *id.* at 2 (citing *Georgia*, 46 F.4th at 1306).

4

**Universal Permanent Injunction.** After concluding that Fernández lacked standing, DE110 at 10–12, the district court awarded summary judgment to Garcia and issued a second universal injunction, *id.* at 38–39. Apart from being permanent, it was effectively the same as the preliminary one. *See* DE52 at 22–23. The court's justification—that an overbroad restriction is "totally forbidden until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression"—was nearly identical to the justification it gave for its universal preliminary injunction. *Compare* DE110 at 39 (quoting *FF Cosms.*, 866 F.3d at 1300 (quoting *Broadrick*, 413 U.S. at 613)), *with* DE52 at 22 (same).

**Proceedings to Stay in Part the Permanent Injunction.** Defendants sought a partial stay in the district court, but again the district court denied a stay. DE113 at 4; Fed. R. App. P. 8(a)(1)–(2); DE118. The court again reasoned that the remedy for overbreadth is total "invalidation," which in the court's view invariably justifies universal injunctive relief. DE118 at 3–5. For the second time, *see* DE77 at 4, the court tried to distinguish *Georgia* because it "was not a First Amendment overbreadth challenge," DE118 at 6. And the court criticized the unanimous motions panel of this Court for neither "mention[ing] the First Amendment overbreadth doctrine" nor "overrul[ing] or distinguish[ing] decades of Supreme Court overbreadth jurisprudence." *Id.* The court thus "interpret[ed] the [motions] panel's decision to partially stay the preliminary injunction as stemming from [the district court's] failure to clearly articulate the primary

5

reason that [it] deems widespread injunctive relief necessary." *Id.* This partial stay motion follows.

## **ARGUMENT**

This Court may issue a stay pending appeal. Fed. R. App. P. 8(a)(2). In analyzing a stay request, the Court considers: (1) whether the applicant has shown a strong likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other parties; and (4) the public interest. *Hand v. Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018). Because each factor favors Defendants, this Court should partially stay the injunction pending appeal.

### A.   Defendants are likely to succeed in narrowing the scope of the permanent injunction.

In granting a permanent injunction, the district court rejected Defendants' arguments that the in-office, paid-lobbying restriction is constitutional. DE110 at 12–38. Defendants disagree with the court on those scores and fully intend to renew those arguments in their briefing on appeal. But they do not now assert them as the basis for a stay pending appeal.

Instead, Defendants seek only a limited stay pending appeal of the injunction to the extent it enjoined enforcement of the restriction against *all* public officers, not just as to Garcia, the sole public officer with standing. *See id.* at 39. Given its previous partial stay of the universal preliminary injunction in this case, the Court is substantially likely to reverse that ruling on appeal. Order of the Court at 2–3, *Garcia v. Exec. Dir., Fla.*

6

*Comm'n on Ethics*, No. 23-10872 (11th Cir. June 5, 2023), DE33; *see supra* 4. After all, the preliminary and permanent injunctions are essentially identical. *Compare* DE52 at 22–23, *with* DE110 at 39.

As the motions panel observed, its disposition followed directly from *Georgia v. President of the United States*, 46 F.4th 1283 (11th Cir. 2022). That case involved a challenge to an executive order mandating that those who work on federal contracts receive a COVID-19 vaccine. A fractured panel majority agreed with the district court that the mandate exceeded the President's statutory authority and should be enjoined. *See id.* at 1292–03 (opinion of Grant, J.); *id.* at 1308 (Edmondson, J., concurring in the result). The panel was in unanimous agreement, however, that the district court's nationwide injunction was fatally overbroad. The proper scope of injunctive relief, the Court held, is whatever is necessary to completely redress the established injury in fact of the plaintiffs in a case. *Id.* at 1303–04. And the Court reasoned that a nationwide injunction against the executive order was in several respects "unnecessary to provide complete relief to the plaintiffs." *Id.* at 1307; *see also id.* at 1308 (Edmondson, J., concurring in the result) (agreeing that "the preliminary injunction in this case must be limited to protecting the parties in the case"). Here, as a motions panel has already concluded in this case, a statewide injunction is similarly unnecessary to provide complete relief to Plaintiff Garcia, the only public officer who reasonably fears individual enforcement and who would be fully protected by a permanent injunction limited to him.

In concluding otherwise, the district court relied on the same rationale that the prior motions panel of this Court had unanimously rejected. The district court reasoned that the proper remedy for facial overbreadth is total invalidation, as well as an injunction against all enforcement to prevent third-party chill. DE118 at 6. But the district court had previously used the same rationale to justify universal preliminary injunctive relief. *See* DE52 at 22–23. In granting the partial stay, the motions panel considered and rejected those rationales as inconsistent with *Georgia. See* Order of the Court at 2–3, *Garcia*, No. 23-10872, DE33 ("need to protect third parties"—i.e., to prevent chilling third parties' protected speech—does not "warrant[]" preliminary injunction's "broad application to every 'public officer'").

The district court erred in other ways too. In the district court's view, if a restriction is facially overbroad, the proper "remedy" is total invalidation, as well as an injunction against all enforcement. *See* DE110 at 39; DE118 at 3–6. But invalidation, in the sense of "eliminat[ing] the legal effect of the statute in all contexts," is a "flawed notion." *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1255 (11th Cir. 2020); *see also* Richard H. Fallon, Jr., *Making Sense of Overbreadth*, 100 Yale L.J. 853, 854 (1991) ("The familiar vocabulary of 'voidness,' 'invalidation,' and 'striking down' . . . does more to mislead than describe."). "[F]ederal courts have no authority to erase a duly enacted law from the statute books." *Jacobson*, 974 F.3d at 1255 (quoting Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 936 (2018)). What courts can do is enjoin enforcement, *id.*, as necessary to completely redress the established injury in fact of the

8

plaintiffs in a case, *Georgia*, 46 F.4th at 1303–04. The authorities on which the district court relied, *see* DE118 at 3–6, are not to the contrary.

For example, the district court's reliance on the Supreme Court's decision in *Ferber* is misplaced. According to the district court, *Ferber* "explain[s]" that "a successful overbreadth challenge entails not simply 'revers[ing]' the particular conviction' but rather invalidating the challenged law." DE118 at 5 (quoting *New York v. Ferber*, 458 U.S. 747, 773 (1982)). The passage cited and partially quoted by the district court in fact states nothing of the kind: "Indeed, the Court's practice when confronted with ordinary criminal laws that are sought to be applied against protected conduct is not to invalidate the law *in toto*, but rather to reverse the particular conviction." *Ferber*, 458 U.S. at 773. The Court went on to hold that the statute at issue was "not substantially overbroad." *Id.* The case thus provides no guidance as to the appropriate remedy when a statute *is* found to be overbroad.

Indeed, the district court relied almost exclusively on cases where the claims failed on the merits—meaning the Supreme Court did not even address the scope of relief available for an overbroad or facially unconstitutional statute or regulation. *See United States v. Hansen*, 143 S. Ct. 1932, 1948 (2023); *Virginia v. Hicks*, 539 U.S. 113, 123–24 (2003); *Broadrick v. Oklahoma*, 413 U.S. 601, 618 (1973). Garcia will likely rely on additional cases where (1) the scope of injunctive relief was not addressed because it was not at issue, *see* DE115 at 1, 6 (citing *FF Cosms. FL, Inc. v. City of Miami Beach*, 866

F.3d 1290, 1303–04 (11th Cir. 2017)); DE113 at 7 (citing Corrected Initial Brief of Defendant-Appellant City of Miami Beach at 1–2, *FF Cosms. FL, Inc. v. City of Miami Beach*, 866 F.3d 1290 (11th Cir. 2017) (Nos. 15-14394 & 15-15256)), (2) the overbreadth claim was moot, *see* DE115 at 5; *Massachusetts v. Oakes*, 491 U.S. 576, 583–84 (1989), or (3) further proceedings on remand were required, *see* DE115 at 6; *Dombrowski v. Pfister*, 380 U.S. 479, 497 (1965). He will also likely cite a case involving the scope of relief available in a class action. *See* DE115 at 6 (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). But this case is not a class action, and "[a] district court cannot circumvent [procedural devices such as class actions] in the name of providing injunctive relief only for non-parties' benefit." *Georgia*, 46 F.4th at 1306. Even in class actions, moreover, the question is still what relief is "necessary to redress the complaining parties," that is, the members of the class. *See Califano*, 442 U.S. at 702; *see also Georgia*, 46 F.4th at 1306 (quoting *Califano*, 442 U.S. at 702).

The district court also misunderstood what courts mean when they talk about plaintiffs with overbreadth claims "vindicat[ing] the rights of others not before the court." DE118 at 5 (quoting *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1271 (11th Cir. 2006)); *see also id.* (quoting similar language from *Hicks*, 539 U.S. at 119; *Hansen*, 143 S. Ct. at 1939). That language speaks to the effect of the overbreadth doctrine on the merits of a First Amendment claim, not Article III standing or the scope of injunctive relief. "Under the [overbreadth] doctrine, a party may bring a First Amendment case asserting the rights of third parties if 'a statute is *constitutionally applied to the*

*litigant* but might be *unconstitutionally applied to third parties* not before the court.'" *CAMP*, 451 F.3d at 1270–71 (emphasis in original) (quoting *Broadrick*, 413 U.S. at 613). In other words, the doctrine gives legs to what would otherwise be an unsuccessful First Amendment merits claim. In *CAMP* itself, this Court made clear that, as an exception to *prudential* standing, "[t]he overbreadth doctrine, when applied in First Amendment challenges, cannot subsume the constitutional limit on federal courts to 'Cases' and 'Controversies' imposed by Article III." *Id.* at 1272 (citing U.S. Const. art. III, § 2). And Article III, as well as history and "traditional remedial principles," is precisely what *Georgia* says "limits" and "bound[s]" courts' equitable power to issue injunctive relief. 46 F.4th at 1303–04 (citing U.S. Const. art. III, § 2, cl. 1).

Indeed, the district court made no attempt to square *Hansen*, *Hicks*, *Ferber*, and *Broadrick* with the cases *Georgia* gathered to explain the proper scope of injunctive relief. *See Georgia*, 46 F.4th at 1303–04 (citing *Gill v. Whitford*, 138 S. Ct. 1916, 1933 (2018); *Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 318–19 (1999); *Califano*, 442 U.S. at 702; *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Lewis v. Casey*, 518 U.S. 343, 349–50 (1996); *see also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) ("[N]either declaratory nor injunctive relief can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs, and the State is free to prosecute others who may violate the statute."). In short, the district court did not cite a binding case that stands for the proposition that a single plaintiff's

successful overbreadth claim permits a universal injunction prohibiting enforcement of the overbroad restriction against nonparties.

Stuck in the false dilemma of universal injunctive relief or nothing, the district court ignored that no other public officers with standing have availed themselves of "[s]everal procedural devices" that would allow those "with similar interests to [legitimately] seek the protection of injunctive relief—class certification under Rule 23, joinder and intervention in an existing lawsuit, or even filing a new lawsuit of their own." *See Georgia*, 46 F.4th at 1306. "A district court cannot circumvent these mechanisms in the name of providing injunctive relief only for nonparties' benefit." *Id.* As the motions panel already put it, "the need to protect third parties" does not justify universal injunctive relief. Order of the Court at 2, *Garcia*, No. 23-10872, DE33.

## B.   The remaining stay factors favor Defendants.

Defendants will suffer irreparable harm without a stay. "Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (citation omitted); *see also U.S. Dep't of Def. v. Meinhold*, 510 U.S. 939, 939 (1993) (granting a stay pending appeal of an order to the extent it "grant[ed] relief to persons other than" plaintiff who successfully challenged the constitutionality of a federal statute).

The district court attempted to distinguish *Maryland v. King* by maintaining that "there can be no irreparable harm to [the State] when it is prevented from enforcing an

unconstitutional statute." DE118 at 7 (quoting *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006)). But that assumes the conclusion—that the court had the power to prevent the State from enforcing the statute against parties not before the court. Unlike in *KH Outdoor*, where *this Court* had already held a local ordinance unconstitutional before discussing irreparable harm, 458 F.3d at 1271–72, only the district court has held the in-office, paid-lobbying restriction unconstitutional. And this holding "do[es] not bind other district courts, other judges on the same court, or even the same judge in another case." *Georgia*, 46 F.4th at 1304; *see* Fallon, *supra*, at 853–54. "By design, the federal court system allows courts to reach multiple answers to the same legal question," and the injunction as to all public officers "frustrate[s] that end." *Georgia*, 46 F.4th at 1304. In other words, the district court's conclusion that the restriction is unconstitutional is far from the last word on the subject, and the State has an obvious interest in continuing to apply, and defend, its statute. The State is indeed irreparably harmed if it can no longer pursue that interest.

The balance of harms and the public interest both favor a stay as well. *See Swain v. Junior*, 958 F.3d 1081, 1090 (11th Cir. 2020). The harms discussed above far outweigh any harm to Plaintiff Garcia pending appeal—he will suffer no harm at all pending appeal because the State does not seek to stay the injunction as to him. *See* DE118 at 7. As for the public interest, any other public officer who wants to challenge the lobbying restrictions has tools to do so. *See Georgia*, 46 F.4th at 1306–07. And the public interest is served by that process; it "encourages multiple judges . . . to weigh in only after careful

13

deliberation." *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring in the grant of stay).

The district court disagreed that the public interest cuts Defendants' way for the same reason it disagreed that the State is irreparably harmed: "'[t]he public has no interest in enforcing an unconstitutional' law." DE118 at 7 (quoting *KH Outdoor*, 458 F.3d at 1272). Again, that just assumes the conclusion; the court's holding is not the last word on the restriction's constitutionality. *See supra* 13. The district court also asserted that "Defendants do not presently dispute the In-Office Restrictions' [c]onstitutionality." DE118 at 7. That is wrong. Defendants very much dispute that issue; they simply are willing to live with an injunction limited to Garcia, wrongfully imposed though it was, until this Court decides the State's appeal.

Staying the injunction in part would thus prevent irreparable harm to Florida and serve the public interest by enabling more courts to weigh in, without harming the only party who has standing in this case.

## **CONCLUSION**

For the foregoing reasons, the Court should stay pending appeal the permanent injunction except as to Garcia.

14

Dated: September 5, 2023

Respectfully submitted,

ASHLEY MOODY
Attorney General

HENRY WHITAKER
  *Solicitor General*
DANIEL BELL
  *Chief Deputy Solicitor General*
*/s/ Alison E. Preston*
ALISON E. PRESTON
  *Assistant Solicitor General*

Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3681
(850) 410-2672 (fax)
*alison.preston@myfloridalegal.com*
*henry.whitaker@myfloridalegal.com*
*daniel.bell@myfloridalegal.com*

*Counsel for Defendants-Appellants*

15

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This document complies with Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3676 words.

2.    This document complies with the typeface and type-style requirements of Fed. R. App. P 27, Fed. R. App. P. 32(a)(5), and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

*/s/ Alison E. Preston*
ALISON E. PRESTON
*Assistant Solicitor General*

## **CERTIFICATE OF SERVICE**

I certify that on September 5, 2023, I electronically filed this Motion for Stay

Pending Appeal with the Clerk of Court using the Court's CM/ECF system, which will

send a notice of docketing activity to all parties who are registered through CM/ECF.

/s/  *Alison E. Preston*
ALISON E. PRESTON
*Assistant Solicitor General*

# EXHIBIT B

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12663

_____

RENE GARCIA,
JAVIER FERNANDEZ,

Plaintiffs-Appellees-Cross Appellants,

MACK BERNARD,
WILLIAM PROCTOR,

Plaintiffs-Appellees,

CRYSTAL WAGAR,

Plaintiff,

*versus*

EXECUTIVE DIRECTOR, FLORIDA COMMISSION ON
ETHICS,
In her official capacity,
JOHN GRANT,
Commissioner, Florida Commission on Ethics,

2                          Order of the Court                    23-12663

CHAIRMAN, FLORIDA COMMISSION ON ETHICS,
MICHELLE ANCHORS,
WILLIAM P. CERVONE,
Commissioners, Florida Commission on Ethics, et al.,

                                            Defendants-Appellants-Cross Appellees.

                          _____

                  Appeal from the United States District Court
                     for the Southern District of Florida
                        D.C. Docket No. 1:22-cv-24156-BB

                          _____

Before JORDAN, JILL PRYOR and GRANT, Circuit Judges.

BY THE COURT:

         Defendants-Appellants-Cross-Appellees' motion to stay, in
part, the district court's permanent injunction is GRANTED.  The
"constitutionally prescribed role" of the federal judiciary is "to vin-
dicate the individual rights of the people appearing before it."  *Gill
v. Whitford*, 138 S. Ct. 1916, 1933 (2018).  Injunctive relief should be
no broader than "'necessary to protect the interests of the parties,"
*Georgia v. President of the United States*, 46 F.4th 1283, 1306 (11th Cir.
2022), and the district court found that only one Plaintiff had stand-
ing to challenge the state statute.  Neither the district court nor the
Plaintiffs-Appellees-Cross Appellants explain the need to enjoin the
enforcement of article 2, section 8(f)(2) of the Florida Constitution

23-12663                    Order of the Court                    3

against every "public officer," as that term is defined in article 2, section 8(f)(1) of the Florida Constitution.

1                            JORDAN, J., Concurring                    23-12663

JORDAN, Circuit Judge, joined by JILL PRYOR, Circuit Judge, concurring:

As a general matter, "[i]njunctive relief should be limited in scope to the extent necessary to protect the interests of the parties." *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003). On the record before us, I agree that we should limit the district court's injunction to the parties before it pending appeal. But I do so with the following caveat.

Had the district court ruled that the Florida constitutional provision at issue failed under First Amendment overbreadth doctrine, I would have voted to deny the state's motion for a partial stay of the injunction for the reasons set out in *HM Florida-ORL, LLC v. Governor of Florida*, No. 23-12160, Order Denying Motion for Partial Stay (11th Cir. Oct. 11, 2023). That is because invalidation of a statute on overbreadth grounds prohibits enforcement altogether. Indeed, the rationale for overbreadth doctrine is to prevent an unconstitutional law from chilling the First Amendment rights of non-parties. *See, e.g.*, *Virginia v. Hicks*, 539 U.S. 113, 119 (2003) (a successful overbreadth challenge "suffices to invalidate *all* enforcement of th[e] law, 'until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression'") (citation omitted); *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3s 1290, 1303–04 (11th Cir. 2017) (upholding preliminary injunction prohibiting the enforcement of an ordinance altogether on First Amendment overbreadth grounds because enforcement of an overbroad law is

23-12663                    JORDAN, J., Concurring                    2

"totally forbidden" until it is judicially narrowed or partially invalidated, as the law's "very existence may cause others not before the court to refrain from constitutionally protected speech or expression").

The district court here, however, did not rely on First Amendment overbreadth doctrine. For example, it never addressed whether any overbreadth was substantial in relation to the provision's legitimate sweep. *See United States v. Stevens*, 559 U.S. 460, 473 (2010) (a statute is facially overbroad under the First Amendment if "'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep'") (citation omitted). As I read its order, the district court ruled that the provision violated the First Amendment because it was content-based, and under strict scrutiny was not narrowly tailored to achieve a compelling state interest. Because the district court did not base the permanent injunction at issue on First Amendment overbreadth, I concur in the granting of the partial stay. In closing, I note that the declaratory judgment, which is not stayed, "reflects the opinion of the [district] court that the [provision] cannot be fully enforced[.]" *Steffel v. Thompson*, 415 U.S. 452, 469-70 (1974) (internal quotation marks and citation omitted).